

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 11, 1971

Honorable Oscar B. McInnis
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas    78539

Opinion No. M- 925

Re: Questions relating to
transfer of real property
by Hidalgo County Housing
Authority under Article
1269k, V.C.S.

Dear Sir:

You have requested the opinion of this office concerning the authority of the Hidalgo County Housing Authority to transfer real property to a non-profit corporation.

We quote from your letter requesting the opinion as follows:

"At sometime in the past under authority of Article 1269k, V.C.S., there was established in Hidalgo County the Hidalgo County Housing Authority. This Housing Authority administers two (2) housing projects in this county--one located at McAllen and the other at Weslaco.

"It has been suggested to the Commissioners' Court that Hidalgo County enter into an agreement with Cameron County to form a Regional Housing Authority."

In your letter request you then ask if the Hidalgo County Housing Authority can legally declare all its property excess, transfer it to a non-profit organization, without consideration, said non-profit organization having a provision in its Charter to the effect that if it sells the property and dissolves, the assets would revert to Hidalgo County, then the non-profit organization sell the property to the Regional Housing Authority, dissolve and turn the proceeds of the sale over to Hidalgo County.

Your question must be answered in the negative for the following reasons:

Article 1269k, Section 23b, sets out the method by which a regional housing authority may be created. That Article provides, in part, as follows:

-4515-

> "If the Commissioners Court of each of two
> (2) or more contiguous counties by resolution
> declares that there is a need for one housing
> authority to be created for all of such counties
> to exercise powers and other functions herein
> prescribed for a housing authority in such counties,
> a public body corporate and politic to be known
> as a regional housing authority shall thereupon
> exist for all of such counties and exercise its
> powers and other functions in such counties;
> and thereupon each county housing authority
> created for each of such counties shall cease to
> exist except for the purpose of winding up its
> affairs and executing a deed to the regional
> housing authority as hereinafter provided;. . ."

The clear meaning of the statute leaves no doubt that if an existing housing authority plans to become part of a regional housing authority, then all the property owned by the county housing authority must be transferred to the regional housing authority in the manner set out in the statute.

Also, in the event that the Housing Authority has certain properties which are no longer needed by the Housing Authority in carrying out its functions, then the Housing Authority may sell said property, and the proceeds from such sales would go to the Housing Authority and not revert to Hidalgo County. Attorney General's Opinion C-760 (1966).

### SUMMARY

The Hidalgo County Housing Authority has no statutory authority to dispose of any property by transferring it without consideration to a non-profit organization.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linward Shivers
Assistant Attorney General

Honorable Oscar B. McInnis, page 3 (M-925)

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Melvin Corley
Austin Bray
Howard Fender
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant